IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY STERCULA, | § | |
| | § | |
| Defendant Below, | § | No. 203, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1009026018 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: November 18, 2019
Decided: January 22, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Larry Stercula, filed this appeal from the Superior Court's denial of his motion for sentence modification under Superior Court Criminal Rule 35(b).  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Stercula's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On October 19, 2011, Stercula pled guilty to sexual solicitation of a child.  The Superior Court sentenced Stercula to 15 years of Level V incarceration, with credit for 437 days previously served, suspended after 6 years for Level III

probation. The Superior Court also ordered Stercula to register as a Tier II sex offender and to complete a sexual disorders treatment program. Stercula did not file a direct appeal.

(3) On May 25, 2018, an administrative warrant was filed for Stercula's violation of probation ("VOP"). The VOP report alleged that Stercula had violated his probation by possessing a cell phone with internet access, conducting searches that involved troubling keywords on the phone, and viewing pornography on the phone. At the June 7, 2018 VOP hearing, Stercula admitted to violating his probation. The Superior Court found Stercula had violated his probation and sentenced him to 9 years of Level V incarceration, with credit for 17 days previously served, suspended after successful completion of the Level V Transitions Program for Level III probation. Stercula did not file a direct appeal.

(4) In December 2018, Stercula filed a motion for sentence modification. Based on his age and health, crowded prison conditions, and the fact that he had not been admitted to the Transitions Program, he requested immediate release to Level IV home confinement with GPS monitoring. On January 30, 2019, the Superior Court denied Stercula's motion, noting that he was now in the Transitions Program and finding that his VOP sentence was reasonable.

(5) On March 1, 2019, Stercula filed another motion for sentence modification. In support of this motion, Stercula alleged that he would not be able

2

to complete the Transitions Program because of his dementia and that the Superior Court erred in finding that he violated his probation. Stercula also filed a motion for release to Level IV home confinement with GPS monitoring. In support of this motion, he alleged that his age, his health problems, including dementia, the low risk of harm he posed to the public, and prison overcrowding were extraordinary circumstances justifying modification of his sentence.

(6)   The Superior Court denied the motions, finding that the VOP sentence remained reasonable for the reasons stated in the January 30, 2019 order. This appeal followed. On appeal, Stercula continues to challenge the VOP finding and sentence.

(7)   We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] Under Rule 35(b), a motion for reduction of sentence filed more than 90 days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217. The Superior Court "will not consider repetitive requests for reduction of sentence."[2]

(8)   The Superior Court did not err in denying Stercula's motions for

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] Super. Ct. Crim. R. 35(b).

sentence reduction. Stercula's attempt to challenge the VOP finding is untimely.[3] He cannot use this appeal—from the denial of a motion for sentence reduction—to collaterally attack the merits of his VOP.[4] As to Stercula's contention that he will not be able to complete the Transitions Program due to his dementia, he did not provide any documentation or other evidence to support this claim. Stercula's speculation regarding his ability to complete the Transitions Program does not constitute extraordinary circumstances under Rule 35(b). There is no indication that Stercula has pursued sentence modification based on his health issues under 11 *Del. C.* § 4217.[5] Finally, Stercula's motions for sentence reduction were repetitive.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] Supr. Ct. R. 6(a)(iii) (requiring notice of appeal to be filed within 30 days of the imposition of sentence).

[4] *See, e.g., Pipkin v. State*, 2004 WL 2419087, at *1 (Del. Oct. 26, 2004) (holding that appellant could not use his appeal of the Superior Court's denial of his Rule 35 motion to attack the merits of his VOP).

[5] Under this statute, the Department of Correction may apply for sentence reduction for good cause shown, which can include serious medical illness or infirmity of the offender.